## SOSA ET AL. *v.* ARZUAGA ET AL.

### APPEAL from the District Court of San Juan, Section 2.

No. 708.—Decided November 29, 1911.

ACTION OF EJECTMENT—MISJOINDER OF PARTIES DEFENDANT.—In an action of ejectment such as the present one, wherein the annulment of certain deeds and the cancellation of certain records in the registry are requested, it is indispensable to include as parties defendant all persons who intervened in the execution of the documents whose annulment is sought and in whose favor the entries in the registry were made, there being, therefore, no grounds for the demurrer based on the misjoinder of defendants and alleging that in this case Ignacio Arzuaga only should have been made defendant.

LIABILITY OF AGENT—HIS INCLUSION AS DEFENDANT—FRAUD, GUILT, OR NEGLIGENCE OF ATTORNEY IN FACT.—In accordance with the legal precept that all parties who by means of fraud, guilt, or negligence cause damages to another are bound to repair such damages, when an agent has caused such damages he is bound to repair the same, and as such he may not only be included

as a defendant, but in the case at bar he is an indispensable party to its complete decision.

ID.—SUFFICIENCY OF COMPLAINT.—Having examined the complaint in the case at bar, the Supreme Court decided that it stated facts sufficient to constitute a cause of action, and that therefore a demurrer did not lie against the same on the ground that it did not lie.

The facts are stated in the opinion.

*Mr. José E. Benedicto* for appellants.

*Mr. Eduardo Acuña* for appellees.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a suit brought to recover a tract of land and to nullify various documents therein described and for damages and for general relief.

Exceptions were sustained to the complaint and judgment was thereupon rendered for defendants for costs. As the case went off on demurrer an examination of the pleadings is necessary and they will be set out at length. The complaint reads as follows:

"The plaintiffs herein appear now before this Honorable Court, by their counsel the undersigned lawyers, and availing themselves of the right granted them file this amended complaint against the defendants above stated and allege as their cause of action as follows:

"FACTS

"I. That the plaintiffs constitute the Succession of Manuel Sosa Gil in the following manner: The first four are his legitimate children; the second four and Faustino Sosa are the children of Fernando Sosa who was a son of Manuel Sosa Gil; José, Elisa and Carmen Baquero y Sosa are children of Segunda who was a daughter of said Fernando Sosa; the five brothers Araujo y Sosa are the children of Emilia Sosa, who was a daughter of Manuel Sosa Gil, and Bruno and Evangelista are the children of José Encarnación Sosa, who was the son of the common ancestor Manuel Sosa Gil.

"II. Manuel Sosa Gil was the sole legal owner of the following tract of land:

"'Rural Property: Tract of land lying in the ward of Canovanillas of Trujillo Bajo, and now within the municipal district of Carolina, consisting of one hundred and seventy acres of land, equivalent to 66 hectares, 81 ares and 66 centiares; bounded on

the North by the Río Grande de Loíza; on the South by land belonging to the estate of Francisco Barreto; on the East by land belonging to Josefa Cabrera and Lorenzo Bablot; and on the West by land belonging to Epifanio Vizcarrondo.'

"This tract of land was registered in his favor in the registry of property of this city.

"III. By deed dated February 24, 1895, and executed before the notary Don Leandro Lara, Manuel Sosa Gil, sold to Ignacio Arzuaga Izaguirre the tract of land hereinbefore described for the sum of two thousand dollars.

"IV. By mutual agreement between the parties to the deed, said sale was declared null and void, and this fact was so acknowledged by Ignacio Arzuaga himself in his last will and testament executed on May 24, 1895, before the notary Don Leandro Lara y Tomé, in which will and among other clauses he stated that although there appeared registered in his favor two tracts of land which he describes, one of them called Sagrario and the other Canovanillas, the latter being the same as has been previously described herein, the said two tracts of land did not belong to him, wherefore he directed his testamentary executors to execute, on his death and in case he should not do so before, deeds of sale, in regard to the said two tracts of land, in favor of Juan Cabeza Barroso and Manuel Sosa Gil, or their legal representatives respectively, the purchase price thereof, the testator acknowledged, having been received from the two parties in question, which fact should be so acknowledged when executing the corresponding deeds of conveyance.

"V. By deed executed on May 13, 1897, Pedro Arzuaga, acting as attorney in fact of Ignacio Arzuaga Izaguirre, sold to Juan Cabeza Barroso the tract of land called Sagrario, acknowledging therein that the purchase price had already been received by his principal.

"The other tract of land called Canovanillas, which had quite a different fate, is the subject of this suit.

"VI. Manuel Sosa Gil died on February 23, 1897, under testament executed on April 13, 1896 before the notary Don Leandro Lara, appointing thereby as testamentary executors Ignacio Arzuaga in the first place, and Francisco Yeregui in the second place, both of whom are made defendants herein.

"VII. On March 15, 1897, the testamentary executor Francisco Yeregui proceeded, together with some of the heirs of Sosa Gil, to make the partition of the estate left at the latter's death, omitting from the inventory the tract of land already described and stating

that Sosa Gil had no other properties, notwithstanding the fact that the testamentary executor Yeregui was fully aware that he was also the owner of said tract, the execution of the deed thereof being the only thing left to be done.

"VIII. The heirs of Manuel Sosa Gil were not aware of the statement made by Ignacio Arzuaga in his last will and testament, and therefore they candidly believed the statements made by the testamentary executor, Francisco Yeregui, in the deed of partition; but as soon as the plaintiffs became acquainted with the real facts, in the middle of the year 1904, they forthwith claimed from the defendants the restitution of that to which they were legally entitled, but without success.

"IX. On April 24, 1897, Pedro Arzuaga, acting in his capacity as attorney in fact of Ignacio Arzuaga and by a deed executed before the notary, Don Leandro Lara, wilfully and maliciously, and disregarding the instructions which he had received from his principal, sold to the defendant, Francisco Yeregui, who was still acting as testamentary executor of the estate of Manuel Sosa Gil, and was besides in the employ of Ignacio Arzuaga, the tract of land already described, stating in the deed thereof as purchase price the sum of two thousand dollars, which the attorney in fact said he had previously received.

"X. Some time after Francisco Yeregui had received in the manner aforesaid the tract of land claimed now by the plaintiffs, he made the same over to his mistress, Victoria Bolker, by deed executed before Don Mauricio Guerra, stating in said document that the conveyance was made for the consideration of ten thousand dollars, which Mr. Yeregui acknowledged to have received.

"XI. That in the sales made by Pedro Arzuaga to Yeregui, and by the latter to Victoria Bolker, there was no consideration, because, although in the deeds a sum of money is stated as the purchase price, none of the buyers handed over any amount to the vendor, said sales being simulated, for no consideration, and made with the sole purpose of prejudicing the plaintiffs, and hindering and hampering them in their claim of their property. Victoria Bolker had no trade or profession at all, being entirely destitute of means.

"XII. Pedro Arzuaga had definite instructions from his principal to convey to Manuel Sosa Gil the tract of land hereinbefore described, the purchase price of which he had long before received, and said attorney in fact, utterly disregarding the instructions which he had received and acting on his own account and at his own risk,

carried out the transactions already described with evident prejudice to the real owner of the tract of land, who had paid to Ignacio Arzuaga the full value thereof.

"XIII. All the defendants were well aware of the fact that the tract of land, which is the subject of this suit, belonged to the Succession of Sosa Gil and not to Ignacio Arzuaga, and that in carrying out the transactions already mentioned they did so fully conscious of acting wrongly, in order to deprive the plaintiffs of their legitimate rights.

"XIV. The plaintiffs allege, according to information and belief, that Pedro Arzuaga and Francisco Yeregui are at present in the enjoyment of the tract of land which is the subject of this claim, Victoria Bolker appearing as the owner thereof, working it as they please either in their own name or constituting a partnership, keeping for themselves all the rents and profits therefrom, without having had to disburse any sum therefor, as they came into possession thereof by the easy procedure to which reference is made in the previous paragraphs.

"XV. The plaintiffs value the tract of land of which they have been illegally deprived by the defendants in the sum of fifteen thousand dollars, and the profits therefrom from the date of the execution of the deed of partition, namely March 15, 1897, until the filing of the complaint, at twenty-two thousand five hundred dollars."

By reason of the foregoing they pray the honorable court to render judgment in their favor and against the defendants, containing the following judicial declarations:

"First. That the plaintiffs are the owners of the tract of land already described because the deed of sale of February 24, 1895, had been rescinded by the parties thereto, Manuel Sosa and Ignacio Arzuaga.

Second. That the statement made in the deed of partition, that there was no other property, is of no effect, because it was prompted by an error of fact and evident falsehood.

"Third. That the deeds of April 24, 1897, and January 29, 1899, are null and void because they are simulated and executed with the sole purpose of depriving the plaintiffs of their property.

"Fourth. To order, as a consequence of the foregoing declarations, the cancellation of the records made of the aforesaid deeds.

"Fifth. To condemn the defendants to deliver to the plaintiffs the tract of land which has been described and the profits therefrom,

or in default thereof to pay to the plaintiffs the sum of thirty-seven thousand five hundred dollars as the value of the tract of land and the profits therefrom and damages.

"And lastly, the plaintiffs pray the court to grant them the general relief that might be proper in this case and in accordance with justice."

The defendants Pedro Arzuaga and Victoria Bolker demurred to the complaint in the following terms:

"The defendants herein, Pedro Arzuaga Beraza and Victoria Bolker, by their counsel the undersigned lawyers, appear now before the court and demur to the complaint on the following grounds:

"First. Misjoinder of parties defendant as regards Pedro Arzuaga who has been improperly made defendant in the complaint.

"In the present case an action is brought against Ignacio Arzuaga alleging (a) that he declared in his last will and testament that the property sued on belonged to Manuel Sosa Gil (paragraph IV), and (b) that he gave definite instructions to his attorney in fact, Pedro Arzuaga Beraza, to make the transfer of said tract of land to Sosa for a consideration which he had previously received.

"This being the case, Arzuaga Izaguirre, by the terms of his last will and testament and by the admissions contained in the instructions given to his attorney in fact, is the only person bound to make the transfer of property which the attorney in fact was directed to make, and, in the event that said transfer could not be made now, to answer in damages for the nonfulfilment of such order on the part of the attorney in fact, who must be responsible therefor to the principal, but never to third parties such as the plaintiffs who are not connected with him by any tie or judicial relationship of any kind.

"Second. That such complaint does not show facts sufficient to constitute a cause of action against Pedro Arzuaga, because the latter acted in his capacity of attorney in fact of Ignacio Arzuaga and because he became at the same time agent and principal for all the purposes of the contract as to third parties.

"By reason of the foregoing the defendants pray the court to sustain the demurrer herein taken."

It is gathered from the record that Ignacio Arzuaga dwells in Spain and it does not appear where Francisco Yeregui resides. It seems that they have been summoned by

publication but had entered no appearance at the date of trial.

The Judge of the District Court rendered the following:

OPINION IN REGARD TO DEMURRERS TAKEN TO THE AMENDED COMPLAINT.

"According to the complaint Manuel Sosa Gil, father of the plaintiffs, in the year 1895, sold a tract of land to Ignacio Arzuaga Izaguirre. In the same year (1895) Ignacio made his will stating therein that the aforesaid property did not really belong to him, and ordering the executors of said will, in case he should die without having transferred said property to Manuel or his heirs, to make such transfer.

"In 1897, Pedro Arzuaga, as attorney in fact of Ignacio, sold the property to Francisco Yeregui, who, later on, sold the same to Victoria Bolker. These four individuals, Ignacio and Pedro Arzuaga, Francisco Yeregui and Victoria Bolker are the defendants in this action. Ignacio, it seems, lives in Spain.

"Pedro Arzuaga and Victoria Bolker have filed a demurrer alleging that the amended complaint does not set forth sufficient facts to constitute a cause of action.

"The court persists in the same opinion which it expressed in its decision of January 4, 1910, and the amended complaint filed in February, 1910, does not set forth a single fact that might change or modify the aforesaid opinion of the court.

"If Ignacio has acted unjustly towards Manuel Sosa Gil and his heirs, he has an opportunity to make amends therefor. Pedro is his attorney in fact. The will of Ignacio, and the instructions to his testamentary executors, included in said will, do not take effect until the death of Ignacio.

"The words 'his mistress' are eliminated from the tenth allegation of the amended complaint. The state of affairs which is suggested by such words may be a matter of evidence; it is not necessary that the allegation be made to appear in the complaint.

"The demurrer is sustained in so far as the defendants, Pedro Arzuaga and Victoria Bolker, are concerned, with the costs against the plaintiffs."

Later the court entered the following:

"JUDGMENT

"WHEREAS, on the twenty-fourth day of March of the year one thousand nine hundred and eleven, for the reason set forth in the'

written opinion annexed to the record, the court rendered a decision in this case, sustaining the demurrer as regards the defendants Pedro Arzuaga and Victoria Bolker, with the costs against the plaintiffs.

"WHEREAS, on the twenty-ninth day of the same month and year, counsel for the plaintiffs, Mr. Benedicto, presented a motion to the court, requesting that a final judgment be rendered in this case, in order that it might be duly entered.

"Now, THEREFORE, the court grants the motion, and decides that it will declare, and does hereby declare, that the decision in regard to the demurrers which was rendered in this case on the twenty-fourth of March of the year one thousand nine hundred and eleven, is a final judgment, which is to be entered by the clerk of this court in the book destined for that purpose.

"Pronounced at chambers, on the twenty-ninth day of March of the year one thousand nine hundred and eleven; and entered *nunc pro tunc*, today, May 10, 1911, for the reason that it had not been done at the proper time."

It is seen from the foregoing recital that the exceptions to the complaint on which the decision of the case turned consisted of two distinct grounds: First, misjoinder of parties, and second, insufficient statement of facts.

The defendants claim that Pedro Arzuaga is not properly made a defendant herein because he was only acting as the attorney in fact of Ignacio Arzuaga; the latter being the only person bound to transfer the land to the plaintiffs and failing so to do to indemnify them for his failure in that respect. The defendants do not seem to observe the entire scope of the complaint as plainly appears from its contents and particularly from the elaborate prayer with which it is concluded. This is not a suit to compel either of the defendants to convey the tract of land in controversy to the plaintiffs or to recover damages for failure so to do. But it is an action for the recovery of the land and to nullify the deeds of conveyance made by some of the defendants to others, on the ground that they are without consideration, fraudulent and in violation of plaintiffs' rights and in contravention of their interests, and to cancel the inscriptions

of the said documents and to nullify a recital made in the deed of partition, which is alleged to have been made in ignorance of facts, caused by deceptions practiced by two of the defendants on the plaintiffs; the object of the suit is also to recover the value of the rents and profits of the tract of land and, in case the land itself cannot be restored to plaintiff, the value thereof, altogether alleged to amount in the aggregate to $37,500. No objection is made to the complaint on account of is being multifarious, and that matter therefore requires no consideration.

Taking the narrow view above indicated of the purposes of this suit, the defendants, in support of their proposition, cite section 1627 of the Porto Rican Civil Code and the commentary of Scaevola on the corresponding article (1725) of the Spanish Civil Code. This section of the code, as is readily seen by a mere perusal thereof, has no application to the case at bar, since the plaintiffs are not the persons with whom the agent, Pedro Arzuaga, contracted and they are not seeking to hold him liable to them under that section. This being the case the very logical and luminous discussion of Scaevola, on page 531 of his 20th volume, cannot be used in consideration of the questions here presented.

This is an action brought for the recovery of real property and to nullify certain deeds and seeking the cancellation of certain registrations made in the registry of property. For this reason it is indispensable to join as defendants all the parties who were concerned in the execution of the documents whose nullity is sought to be declared and who are the same persons in whose names the registrations sought to be canceled were made, and it is, therefore, necessary, in order to have said cancellations effected, that said parties for whose benefit they were made should be heard and defeated in court.

In the complaint it is likewise prayed, should the restitution of the real property to its legal owners be found impossible, to have the defendants condemned to pay to the

plaintiffs the value of the tract of land and a further sum, alleged in the complaint to be the value of the rents and profits therefrom during the time its legal owners have been deprived of the possession thereof.

The allegation that the agent disobeyed the instructions of his principal, considered so important by the defendants, is only made as matter of inducement, or as preliminary to the claim of plaintiffs that they had been defrauded of their land by the three of the defendants mentioned, including the two who presented the exceptions.

From the complaint it appears, and this, on consideration of the demurrer, must be admitted to be true, that the attorney in fact, Pedro Arzuaga, wilfully and maliciously and with the object of benefiting himself to the prejudice of the plaintiffs, acted exactly contrariwise to the instructions received from his principal, simulated deeds of conveyance, and in the end became possessed of their property and the rents and profits derived from the tract of land which he should have conveyed to the plaintiffs.

It is a well-settled principle of law, which is well nigh universal, that every person who, by fraud, fault or negligence, causes damage to another is bound to render compensation therefor. (Sec. 1803 Civil Code.)

The American authorities to this same effect are so numerous that it is difficult to select from them, but we will cite a few. (1 Sutherland on Damages, sections 1–2 *et seq.*; *Milwaukee, etc., R. R. Co.* v. *Arms,* 91 U. S., 492; *Smith* v. *Sherwood,* 2 Tex., 462; *Bartholomew* v. *Bently,* 15 Ohio, 659, 45 Am. Dec., 596; *First Baptist Church* v. *S. & T. R. R. Co.,* 5 Barb. N. Y., 79.)

Hence, where there is fault or negligence on the part of the attorney in fact, as is the case here, taking the allegations of the complaint as true, said attorney in fact is liable for any damage that may have been caused; and taking this view of the matter he not only may be joined as party defendant

but he becomes a necessary party to this suit so that the same may be properly decided, and justice fully administered.

It is true as stated by the trial judge that the will of Ignacio Arzuaga and the instructions therein contained do not take effect until his death. But the fact must not be lost sight of that, for the purposes of this demurrer, the allegations of the complaint must be taken as true; and it is alleged therein:

"XII. Pedro Arzuaga had definite instructions from his principal to convey to Manuel Sosa Gil the tract of land hereinbefore described, the purchase price of which he had long before received, and said attorney in fact, utterly disregarding the instructions which he had received and acting on his own account and at his own risk, carried out the transactions already described, with evident prejudice to the real owner of the tract of land, who had paid to Ignacio Arzauga the full value thereof."

No reference is made in this allegation to the will of Ignacio Arzuaga and it may be and can be so presumed, from the statements contained in the complaint, that these instructions were given by the principal to his agent either verbally or in some other instrument than the will, which contained directions only to the executors of Ignacio Arzuaga and not to his attorney in fact.

The trial court further says in its opinion that if Ignacio Arzuaga has done the plaintiffs any injustice he can at any time make them amends therefor. This is true; but he has not done só, from all that the record shows, and it is the object of this suit to obtain such redress. Then it seems to us that, at least as far as concerns the first point in the exceptions taken to the complaint, the trial court lacked sufficient reasons for sustaining the demurrer.

As to the second ground on which the demurrer is based, to wit: That the complaint does not state facts sufficient to constitute a cause of action, we will glance over it from a view-point a little different from that taken by the respond-

ents. The allegations of the complaint may be summarized as follows:

The plaintiffs, constituting the Succession of Manuel Sosa Gil, in a suit against the defendants, allege that Manuel Sosa Gil was the sole legal owner of a certain tract of land, describing it, registered in his favor on February 24, 1895. This property was sold to Ignacio Arzuaga Izaguirre for $2,000. By mutual agreement this sale was declared void and this fact stated by Ignacio Arzuaga himself in his last will and testament executed on May 24, 1895, wherein he directed his executors to execute on his death, in case he should not do so before, a deed of sale for said tract of land in favor of Manuel Sosa Gil, the purchase price having been received from the said party, it should be so stated in the deed. The subject of this suit is the said tract of land mentioned in the will of Arzuaga and called Canovanillas. Manuel Sosa Gil died February 23, 1899, appointing as executors, first Ignacio Arzuaga, second Francisco Yeregui. On March 15, 1897, Francisco Yeregui as executor proceeded, with some of the heirs of Sosa Gil, to make partition of the estate left by the latter omitting the tract of land mentioned and stating that Sosa Gil had no other property. In 1904 the heirs of Manuel Sosa Gil, becoming aware of the statement made by Ignacio Arzuaga in his last will and testament, demanded from the defendants the restitution of the other tract, but without success. On April 24, 1897, Pedro Arzuaga, as attorney in fact of Ignacio Arzuaga, sold to the defendant Francisco Yeregui the tract described for $2,000 which he stated he had previously received. Some time thereafter Francisco Yeregui executed a deed for the tract of land to Victoria Bolker, stating the consideration as $10,000 and acknowledging the receipt of it.

That the sales made by Pedro Arzuaga to Yeregui and by the latter to Victoria Bolker were simulated and fraudulent, being without consideration and made with the sole purpose of prejudicing the plaintiffs. Definite instructions had been

given to Pedro Arzuaga by his principal to convey the tract of land described to Manuel Sosa Gil, the purchase price for which he had received with evident prejudice to the real owner of the land. All the defendants were aware of the fact that the tract of land belonged to the Succession of Sosa Gil and not to Ignacio Arzuaga and they made the transactions mentioned to deprive the plaintiffs of their legitimate rights. The plaintiffs allege that Pedro Arzuaga and Francisco Yeregui at present enjoy the use of the land, Victoria Bolker appearing as the owner, keeping for themselves all the rents and profits thereof. The value of the tract of land of which they have been deprived is $15,000 and the profits therefrom $22,500.

Certainly these allegations set out a cause of action and that is all that it is necessary to decide in regard to this phase of the case at present.

The arguments and authorities presented by respondents to sustain their second exception are all based on the same propositions which were urged in the discussion of the misjoinder of parties; and the second exception is made to depend on the first so that the base of the first having been swept away the second must fall with it. Pedro Arzuaga is sued individually and not solely as the agent of Ignacio Arzuaga. None of the authorities gathered by the respondent's counsel from 31 Cyc. are applicable to the question of the sufficiency of the allegations in the petition to constitute a cause of action, except when taken in connection with, or at least in view of, the soundness of the doctrine urged in regard to the misjoinder of the agent as a proper party to this suit. So they have no application to this case as we view the questions involved therein.

Then from the correct point of view, as it appears to us, the exceptions taken by the defendants, Pedro Arzuaga and Victoria Bolker, to the complaint were not well founded and should not have been sustained. For the reasons stated the judgment herein rendered by the court below should be re-

versed and the cause remanded to the trial court with instructions to overrule the demurrer presented to the complaint and to proceed further with the case as the law may require.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.